UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIFFANY SAIDNIA,

                Plaintiff,

   -against-

NIMBUS MINING LLC, REMY JACOBSON, GREG BACHRACH, and JEAN-MARC JACOBSON,

                Defendants.

No. 21 Civ. 7792 (VSB)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS REMY JACOBSON AND JEAN-MARC JACOBSON'S MOTION TO DISMISS

YANKWITT LLP

Russell M. Yankwitt
Benjamin C. Fishman
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:   (914) 686-1500
Fax:   (914) 487-5000
russell@yankwitt.com
bfishman@yankwitt.com

*Counsel for Defendants Remy Jacobson and Jean-Marc Jacobson*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF RELEVANT FACTS ..................................................................................... 2

STANDARD OF REVIEW ........................................................................................................... 3

ARGUMENT ................................................................................................................................. 3

   I.   THE JACOBSONS ARE NOT LIABLE FOR BREACH OF CONTRACT ....................... 4

      A.  The Jacobsons Cannot Be Held Liable for Breaching Contracts
          to Which They Were Not Parties ............................................................................. 4

      B.  Saidnia's Alter Ego Claim Fails .............................................................................. 5

   II.  SAIDNIA'S FRAUD CLAIM FAILS ................................................................................ 8

   III.  SAIDNIA'S UNJUST ENRICHMENT CLAIM FAILS ................................................... 12

CONCLUSION ............................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Arctic Ocean Intern., Ltd. v. High Seas Shipping Ltd.*,
  622 F. Supp. 2d 46 (S.D.N.Y. 2009) .................................................................................. 6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 3

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
  448 F.3d 573 (2d Cir. 2006) .................................................................................................. 12

*Brodie v. Green Spot Foods, LLC*,
  503 F. Supp. 3d 1 (S.D.N.Y. 2020) ........................................................................................ 7

*Buonasera v. Honest Co., Inc.*,
  208 F. Supp. 3d 555 (S.D.N.Y. 2016) .................................................................................. 13

*Capmark Fin. Grp. v. Goldman Sachs Credit Partners L.P.*,
  491 B.R. 335 (S.D.N.Y. 2013) ................................................................................................ 6

*Deluca v. GPB Auto. Portfolio, LP*, No. 19 Civ. 10498 (LAK),
  2020 WL 7343788 (S.D.N.Y. Dec. 14, 2020) ...................................................................... 11

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
  228 F.R.D. 508 (S.D.N.Y. 2005) ............................................................................................ 7

*Gilleo v. J.M. Smucker Co.*, No. 20 Civ. 2519 (PMH),
  2021 WL 4341056 (S.D.N.Y. Sept. 23, 2021) ................................................................. 9, 10

*Graham v. HSBC Mortg. Corp.*, No. 18 Civ. 4196 (KMK),
  2020 WL 5663394 (S.D.N.Y. Sept. 23, 2020) ....................................................................... 5

*In re Refco Inc. Sec. Litig.*,
  826 F. Supp. 2d 478 (S.D.N.Y. 2011) .................................................................................... 4

*Ixe Banco, S.A. v. MBNA Am. Bank, N.A.*, No. 07 Civ. 0432 (LAP),
  2008 WL 650403 (S.D.N.Y. Mar. 7, 2008) ............................................................................ 4

*JBCHoldings NY, LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) ............................................................................. 6, 11

*Klausner v. Annie's, Inc.*, No. 20 Civ. 08467 (PMH),
   2022 WL 204356 (S.D.N.Y. Jan. 24, 2022) .................................................................................. 12

*Kleinman v. Elan Corp.*,
   706 F.3d 145 (2d Cir. 2013) ........................................................................................................ 4

*Kuroda v. SPJS Holdings, L.L.C.*,
   971 A.2d 872 (Del. Ch. 2009) .................................................................................................... 12

*McBeth v. Porges*,
   171 F. Supp. 3d 216 (S.D.N.Y. 2016) ................................................................................. 12, 13

*Naftali v. New York Deferred Exchange Corp.*, No. 15 Civ. 7152 (JMA) (ARL),
   2017 WL 4325725 (E.D.N.Y. Aug. 15, 2017) ............................................................................ 8

*Polyglycoat Corp. v. C. P. C. Distribs., Inc.*,
   534 F. Supp. 200 (S.D.N.Y. 1982) .............................................................................................. 4

*Prince v. Madison Square Garden*,
   427 F. Supp. 2d 372 (S.D.N.Y. 2006) ......................................................................................... 6

*Rennaker Company Consulting, Inc. v. TLM Group, LLC*, No. 16 Civ. 3787 (DAB),
   2017 WL 2240235 (S.D.N.Y. Mar. 29, 2017) ............................................................................. 4

*Reynolds v. Lifewatch, Inc.*,
   136 F. Supp. 3d 503 (S.D.N.Y. 2015) ....................................................................................... 10

*Rosenshine v. A. Meshi Cosmetics Industries Ltd.*, No. 18 Civ. 3572 (LDH) (LB),
   2021 WL 5508069 (E.D.N.Y. Jan. 25, 2021) ............................................................................ 11

*Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*,
   192 F. Supp. 3d 348 (S.D.N.Y. 2016) ................................................................................. 10, 11

*Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10 Civ. 4077 (ARR) (VVP),
   2014 WL 4063403 (E.D.N.Y. Aug. 14, 2014) ........................................................................ 5, 7

*Sysco Food Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*, No. 08 Civ. 2958 (BSJ)
   (JCF), 2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009) ............................................................. 7, 8

*Taberna Capital Mgmt., LLC v. Dunmore*, No. 08 Civ. 1817 (JSR),
   2009 WL 2850685 (S.D.N.Y. Sept. 2, 2009) ........................................................................... 5, 8

*Vance Bioenergy Sdn. Bhd. v. World Energy Alternatives, LLC*, No. 08 Civ. 9330 (LAK),
   2010 WL 11595107 (S.D.N.Y. Jan. 19, 2010) ............................................................................ 8

*Wolo Manufacturing Corp. v. ABC Corp.*,
   349 F.Supp.3d 176 (E.D.N.Y. 2018) .................................................................................. 11

*Zottola v. Eisai Inc.*, Case No. 20 Civ. 2600 (PMH),
   2021 WL 4460563 (S.D.N.Y. Sept. 29, 2021) ...................................................................... 9

Rules

Federal Rule of Civil Procedure 8(a) ............................................................................................ 8

Federal Rule of Civil Procedure 9(b) ........................................................................................ 7, 9

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1, 3

Defendants Remy Jacobson and Jean-Marc Jacobson (together, the "Jacobsons") respectfully submit this memorandum of law in support of their Motion to Dismiss the Amended Complaint (Dkt. No. 14) filed by plaintiff Tiffany Saidnia ("Saidnia") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This action is one for breach of contract.  Saidnia alleges she entered into a contract with defendant Nimbus Mining LLC ("Nimbus") to access Nimbus's Bitcoin-mining platform for one year and keep any Bitcoins she was able to mine.  About halfway through the one-year term, Nimbus allegedly informed Saidnia of a service interruption on its platform.  Nimbus then allegedly offered to compensate Saidnia by sending her the Bitcoins Nimbus estimated Saidnia would have mined had it not been for the service interruption, and Saidnia accepted that offer – forming what Saidnia alleges was a second contract with Nimbus.  Saidnia alleges she never received those Bitcoins.  That is the whole case.

Saidnia admits that her contracts were with Nimbus alone, and that none of the individual defendants were parties to the alleged contracts.  Saidnia nevertheless targets the individual defendants, including the Jacobsons, with alter ego, fraud, and unjust enrichment claims.  The fraud and alter ego allegations are entirely conclusory and based on "information and belief," and they therefore fail.  The unjust enrichment claim simply restates the other claims in the case, and it should therefore be dismissed as cumulative.  Moreover, Saidnia's attempt to use the unjust enrichment claim as an end-run around the law governing limited liability and veil-piercing should not be countenanced.

Because the Jacobsons were not parties to the alleged contracts and because Saidnia's other claims against them fail, all claims against the Jacobsons should be dismissed.

## STATEMENT OF RELEVANT FACTS

Saidnia alleges that, in July 2014, she entered into a contract with Nimbus, pursuant to which she paid $50,000 in exchange for the right to access Nimbus's Bitcoin-mining platform for one year and keep any Bitcoins she was able to mine during that time. (Am. Compl. ¶¶ 2, 46-49.)[1] Because Saidnia's access to Nimbus's platform was initiated in August 2014, the one-year contract expired in August 2015. (*Id.* ¶¶ 50, 63.)

In March 2015, Nimbus customer support informed Saidnia that her mining service would be interrupted, and ultimately, Saidnia alleges, this interruption lasted through the end of Saidnia's contract in August 2015. (*Id.* ¶¶ 3, 55-57, 63-64.) Saidnia alleges that, in May 2015, Nimbus customer support again contacted her and offered to pay Saidnia the number of Bitcoins she would have mined had it not been for the service interruption, conditional upon Saidnia's agreement that this fulfilled Nimbus's obligations under the 2014 contract. (*Id.* ¶¶ 58-60.) Saidnia accepted. (*Id.* ¶ 61.) Saidnia alleges that this May 2015 offer and acceptance constituted a second contract between her and Nimbus. (*Id.* ¶¶ 114-15.)

Saidnia alleges that, in 2016 and 2017, she contacted the Jacobsons demanding compensation and that Remy Jacobson, whom she calls her "closest point of contact" at Nimbus, promised she would be compensated. (*Id.* ¶¶72, 74-75, 77-86.) Saidnia, however, makes no allegations at all regarding the Jacobsons' involvement in the alleged facts set forth above, including the 2014 contract, the alleged second contract, or the March 2015 service interruption.

Saidnia alleges she was never paid any Bitcoins as compensation for the service outage (*id.* ¶¶ 62, 67, 88), on the basis of which she brings this action.

---

[1] The Jacobsons accept as true the facts alleged in the Amended Complaint only for the purposes of this motion.

2

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a claim must be dismissed when it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Thus, while the Court must accept the plaintiff's allegations as true and draw all reasonable inferences in plaintiff's favor, "[a] pleading that offers labels and conclusions or a formulaic recitation of elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

Saidnia's Amended Complaint includes five causes of action: two for breach of contract, one for unjust enrichment, one for fraud, and one to pierce the corporate veil between Nimbus and the individual defendants, including the Jacobsons. Because the Jacobsons were not parties to either of the contracts Saidnia alleges were breached, and because the alter ego allegations are nothing more than boilerplate alleged on "information and belief," the breach of contract claims against the Jacobsons should be dismissed. Similarly, Saidnia's fraud claim – also alleged on "information and belief" – is conclusory and lacks supporting factual allegations, and it should therefore be dismissed. Finally, the unjust enrichment claim should be dismissed because it is cumulative of the other claims and is nothing more than an attempt to avoid the requirements of veil-piercing.

## I. THE JACOBSONS ARE NOT LIABLE FOR BREACH OF CONTRACT

### A. The Jacobsons Cannot Be Held Liable for Breaching Contracts to Which They Were Not Parties

Saidnia's First and Second Claims for Relief for breach of contract are based on the 2014 contract she allegedly entered into with Nimbus and the 2015 contract allegedly formed when Nimbus offered to compensate her with Bitcoins and she accepted that offer. (Am. Compl. ¶¶ 2, 46-49, 58-61, 96, 114-15.) Nowhere does Saidnia claim that either of the Jacobsons were parties to either of these two contracts. The 2014 contract, which is attached as an exhibit to the Amended Complaint, is between Nimbus and Saidnia only.[2] And the emails that form the basis for the alleged second contract came from Nimbus customer service – not the Jacobsons or any other named individual. (*Id.* ¶¶ 55-60, 64, 67.)

Saidnia claims the Jacobsons are liable for breach of the two alleged contracts because they "caused" the breaches "through their management roles at Nimbus and through their direct acts." (*Id.* ¶¶ 104, 119.) But that is plainly insufficient. Non-parties to a contract are of course not liable for breach of that contract, even if they are officers of the contracting entity. *See, e.g.*, *Rennaker Company Consulting, Inc. v. TLM Group, LLC*, No. 16 Civ. 3787 (DAB), 2017 WL 2240235, at *3 (S.D.N.Y. Mar. 29, 2017) (collecting cases, including *Ixe Banco, S.A. v. MBNA Am. Bank, N.A.*, No. 07 Civ. 0432 (LAP), 2008 WL 650403, at *12 (S.D.N.Y. Mar. 7, 2008); *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 493 (S.D.N.Y. 2011); and *Polyglycoat Corp. v. C. P. C. Distribs., Inc.*, 534 F. Supp. 200, 204 n.5 (S.D.N.Y. 1982)).

---

[2] In deciding a motion to dismiss, the Court considers documents appended to the complaint or incorporated by reference. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

4

### B. Saidnia's Alter Ego Claim Fails

In an attempt to save her contract claims against the individual defendants, Saidnia appends a cause of action alleging that they were alter egos of Nimbus such that the "corporate veil" should be pierced. (Am. Compl. ¶¶ 142-52.)

First, an alter ego claim is "not a stand-alone cause of action," *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10 Civ. 4077 (ARR) (VVP), 2014 WL 4063403, at *6 (E.D.N.Y. Aug. 14, 2014), and as such, Saidnia's Fifth Claim for Relief – which purports to be just such a "stand-alone" alter ego claim – should be dismissed. *See also Taberna Capital Mgmt., LLC v. Dunmore*, No. 08 Civ. 1817 (JSR), 2009 WL 2850685, at *4 (S.D.N.Y. Sept. 2, 2009) (alter ego claim "is not an independent cause of action").

Nor do Saidnia's veil-piercing allegations save her breach of contract claims. Veil-piercing is "a narrow exception to the doctrine of limited liability of corporate entities," which in "extraordinary circumstances" allows for a principal of a company to be held liable for the company's breach of contract. *Sik Gaek, Inc.*, 2014 WL 4063403, at *6. Under New York law, the corporate veil may be pierced only where the owner "exercised complete domination over the corporation with respect to the transaction at issue" and where such "domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Graham v. HSBC Mortg. Corp.*, No. 18 Civ. 4196 (KMK), 2020 WL 5663394, at *6 (S.D.N.Y. Sept. 23, 2020). In determining whether to pierce the veil, a court must conduct a "fact specific" inquiry and consider several factors, including: "(1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address, and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings

between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities." *Id.* at *6-7.

New York's standard for veil-piercing is "very demanding," and "conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss." *Id.* (quoting *Capmark Fin. Grp. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013)). Nor will "formulaic recitations of the elements" of an alter ego claim. *Arctic Ocean Intern., Ltd. v. High Seas Shipping Ltd.*, 622 F. Supp. 2d 46, 54 (S.D.N.Y. 2009) (internal quotation marks omitted).

Here, the only support Saidnia offers for her veil-piercing claim is the following conclusory and unsupported allegations, *all* made "upon information and belief": (i) Nimbus and its parent company are allegedly insolvent and have ceased operations; (ii) the individual defendants "exercised complete dominion and control over Nimbus Mining and made business and financial decisions on its behalf"; (iii) during the relevant period, Nimbus was "undercapitalized, failed to follow capital formalities, did not maintain corporate records, was unable to pay its debts as those debts came due, and existed as a mere façade for the operations of the Individual Defendants"; and (iv) "the Individual Defendants siphoned funds and Bitcoins from Nimbus Mining to keep it undercapitalized." (Am. Compl. ¶¶ 143-48.)

These conclusory allegations, made on "information and belief," merely parrot some of the factors courts use in determining whether to pierce the corporate veil. Indeed, *none* of Saidnia's alter ego allegations are supported by any specific facts, and therefore they should be rejected. *See JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013) (allegations pleaded on information and belief "must be 'accompanied by a statement of the facts upon which the belief is founded'") (quoting *Prince v. Madison Square Garden*, 427 F. Supp. 2d

6

372, 385 (S.D.N.Y. 2006)).  *See also Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020) ("Courts in this Circuit look unfavorably upon conclusory pleadings made on information and belief.").

Courts have repeatedly rejected conclusory veil-piercing claims just like this one, whether under the heightened pleading standard of Federal Rule of Civil Procedure 9(b) or the more lenient standard of Rule 8.[3]  For example, in *Arctic Ocean International, Ltd.*, the court rejected plaintiff's alter ego claim, which was based on "conclusory allegations" made on information and belief.  *See Arctic Ocean International, Ltd.*, 622 F. Supp. 2d at 54.  Those allegations included that the allegedly alter ego companies were merely "shells" through which the co-defendant company conducted its business, that the companies had no "separate, independent identities," that the co-defendant company "dominate[d] and disregard[ed] the corporate form" of the allegedly alter ego companies, that the allegedly alter ego companies paid the co-defendant company's debts or arranged for them to be paid, and that the co-defendant company used the allegedly alter ego companies as "pass through" entities to insulate it from creditors.  *See id.*  As here, the plaintiff's allegations in *Arctic Ocean International, Ltd.* ticked off certain generic alter ego factors but failed to allege any *supporting facts* showing that the boilerplate allegations had any basis.  The court therefore rejected the alter ego claim.  *See id.*

---

[3] Here, Rule 9(b) applies, since Saidnia's veil-piercing claim sounds in fraud.  (*See* Am. Compl. ¶ 150 ("The Individual Defendants used their dominion and control over Nimbus Mining to commit fraud.").)  *See Sik Gaek, Inc.*, 2014 WL 4063403, at *6 (holding that plaintiff's alter ego claim fell "far short of the more demanding pleading standard under Rule 9(b) which applies to pleading claims where, as is the case here, the veil-piercing claim involves allegations of fraud").  But "[e]ven under the liberal notice pleading standard," "purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability."  *Sysco Food Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*, No. 08 Civ. 2958 (BSJ) (JCF), 2009 WL 4042758, at *3 (S.D.N.Y. Nov. 17, 2009).  *See also EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) ("EED's veil-piercing allegations are conclusory and, therefore, fail to satisfy even the more lenient Rule 8(a) pleading requirements.").

Similarly, in *Naftali v. New York Deferred Exchange Corp.*, No. 15 Civ. 7152 (JMA) (ARL), 2017 WL 4325725 (E.D.N.Y. Aug. 15, 2017), *report and recommendation adopted*, 2017 WL 4286260 (Sept. 26, 2017), the plaintiffs alleged that the individual defendant, an officer and shareholder of the defendant company, used the company "to advance his own business" and had "total control over the business," that "the corporate structure has ceased to exist," and that the business was "undercapitalized, fail[ed] to observe the formalities of corporate existence, [did] not keep proper books and records, and commingle[d]" its funds with the individual defendant's. *Id.* at *10. The court found these allegations – almost identical to Saidnia's – "merely conclusory" and therefore insufficient to support an alter ego claim. *See id.* Many other courts have reached the same result.[4]

Because Saidnia's alter ego claim is comprised of conclusory allegations that merely recite the relevant legal factors, it should be rejected. Accordingly, Saidnia's First, Second, and Fifth Claims for Relief, for breach of contract and piercing the corporate veil, should be dismissed.

## II.   SAIDNIA'S FRAUD CLAIM FAILS

Saidnia alleges, in her Fourth Claim for Relief, that the "Defendants" – notably, no individual defendant is specified – committed fraud by representing "that there had been an

---

[4] *See, e.g.*, *Vance Bioenergy Sdn. Bhd. v. World Energy Alternatives, LLC*, No. 08 Civ. 9330 (LAK), 2010 WL 11595107, at *2 (S.D.N.Y. Jan. 19, 2010) ("The facts plaintiff identifies, however, suggest only that WEA was insolvent at the time it contracted with plaintiff and that plaintiff was damaged as a result. The amended complaint is devoid of any facts suggesting Gebolys dominated or undercapitalized WEA for the purpose of defrauding plaintiff. Its conclusory allegations of fraud do not satisfy even the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a)."); *Sysco Food Service of Metro New York, LLC*, 2009 WL 4042758, at *4 ("Inadequate capitalization is but one of many factors tending to prove domination of one corporation over another, and Sysco fails to allege how insolvency in this instance shows any domination whatsoever."); *Taberna Capital Mgmt., LLC*, 2009 WL 2850685, at *4 (alter ego allegations rejected because, as here, they were made on information and belief and were "conclusory" and "formulaic").

8

outage that made it impossible for Defendants to perform their obligations under the 2014 Contract with Ms. Saidnia." (Am. Compl. ¶ 132.) Saidnia also alleges that the "Defendants" committed fraud by claiming the outage would last "only for a short while," when, in the end, it lasted for the duration of Saidnia's contract." (*Id.* ¶ 133.) In fact, Saidnia alleges, there was no such outage (or, alternatively, the outage was shorter than claimed), and "Defendants" allegedly used the computing power Saidnia had purchased to obtain Bitcoins for themselves. (*Id.* ¶ 134.)

As with the veil-piercing claim, Saidnia's fraud claim is made on "information and belief" (*id.* ¶ 66, 93) and is unsupported by *any* underlying factual allegation other than pure conjecture. This is demonstrated by Saidnia's allegations that she did not "receive any proof" that the service interruption had really occurred and that, "[u]pon information and belief, the service interruption either did not occur at all or was of a significantly shorter duration than represented by Defendants." (*Id.* ¶ 66.) The lack of "proof" that something occurred is not evidence that it *did not* occur. And Saidnia here effectively acknowledges that she has *no idea* whether the interruption occurred at all, whether it lasted for a shorter time than claimed – or whether, just as "Defendants" allegedly stated, there really was a service interruption that lasted from March to August 2015.

Rule 9(b)'s heightened pleading standard is applicable to this fraud claim. *See Zottola v. Eisai Inc.*, Case No. 20 Civ. 2600 (PMH), 2021 WL 4460563, at *8 (S.D.N.Y. Sept. 29, 2021); *Gilleo v. J.M. Smucker Co.*, No. 20 Civ. 2519 (PMH), 2021 WL 4341056, at *9 (S.D.N.Y. Sept. 23, 2021). Under that standard, a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent. Phrased another way, a plaintiff must identify the who, what, when, where, and how:

9

the first paragraph of any newspaper story." *Gilleo*, 2021 WL 4341056, at *9 (internal quotation marks and citations omitted).

Here, Saidnia fails to identify the "speaker" of any of the allegedly fraudulent statements, other than to attribute them to Nimbus customer support. (Am. Compl. ¶¶, 55-58, 64.) Relatedly, Saidnia does not differentiate between the defendants or allege which defendant committed which alleged act or made which statement – a fatal defect. *See Royal Host Realty, LLC v. 793 Ninth Ave. Realty, LLC*, 192 F. Supp. 3d 348, 355 (S.D.N.Y. 2016) ("When the complaint alleges fraud against multiple defendants, Rule 9(b) requires that a plaintiff differentiate his allegations as to each defendant." (internal quotation marks omitted)).

Saidnia's only attempt to link the Jacobsons to the purported fraud is her allegation that, "through their management roles at Nimbus and through their direct acts," the individual defendants, including the Jacobsons, "made or caused the fraudulent misrepresentations to be made." (Am. Compl. ¶ 138.) But such conclusory allegations as to the personal involvement of a company's principals are not sufficient to meet the rigorous standard of Rule 9(b). For example, in *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503 (S.D.N.Y. 2015), the plaintiff based his fraud claim against individual defendants on his allegations that they "controlled the day-today operations" of the defendant company and, as such, were involved in its "decision making relating to the improper, deceptive, and/or fraudulent activity involved in this case." *Id.* at 526. The court found that these allegations – substantively identical to Saidnia's – were "only conclusory and thus [were] insufficient to establish individual participation." *Id.*

As the *Reynolds* court noted, "[i]n cases where courts have found individual defendants to have participated in the misrepresentations at issue, the complaints specifically alleged personal participation, rather than mere awareness or control." *Id.* (citing cases). Because

Saidnia has failed to allege such personal participation by the Jacobsons, her fraud claim against them fails. *See Rosenshine v. A. Meshi Cosmetics Industries Ltd.*, No. 18 Civ. 3572 (LDH) (LB), 2021 WL 5508069, at *3 (E.D.N.Y. Jan. 25, 2021) (for a corporate officer to be held liable for a tort, "conclusory and vague allegations which generally refer to 'defendants' in the plural and fail to describe an individual's specific role in the complained of behavior are insufficient" (internal quotation marks, alterations, and citations omitted)); *Wolo Manufacturing Corp. v. ABC Corp.*, 2018 349 F.Supp.3d 176, 195 (E.D.N.Y. 2018) (same).

Just as importantly, Saidnia never explains why the statements regarding the service interruption were fraudulent, other than by asserting on "information and belief" that they were. These conclusory assertions are not "accompanied by a statement of the facts upon which the belief is founded," and the fraud claim therefore fails. *See JBCHoldings NY, LLC*, 931 F. Supp. 2d at 526-27. *See also Royal Host Realty, LLC*, 192 F. Supp. 3d at 355 ("[A]llegations of fraud based on information and belief are insufficient unless they include a statement of facts on which the belief is founded.").

In an apparent attempt to bolster her fraud claim, Saidnia points to two unrelated litigations, both involving companies unaffiliated with Nimbus. (Am. Compl. ¶¶ 10-11, 90-94.) But the law is clear that "plaintiffs cannot rely on allegations from other lawsuits to plead legally sufficient fraud claims." *Deluca v. GPB Auto. Portfolio, LP*, No. 19 Civ. 10498 (LAK), 2020 WL 7343788, at *16 (S.D.N.Y. Dec. 14, 2020).

In sum, Saidnia's fraud claim against the Jacobsons fails because she does not identify how they were personally involved in the alleged fraud and because she provides no factual support whatsoever for her conclusory claim that the statements in question were even false.

### III. SAIDNIA'S UNJUST ENRICHMENT CLAIM FAILS

Saidnia alleges, in her Third Claim for Relief, that all of the defendants were unjustly enriched "by their continued possession" of the Bitcoins allegedly owed to Saidnia. (Am. Compl. ¶ 126.) This claim also fails.

First, to state a claim for unjust enrichment, a plaintiff must of course plead that the defendant "was enriched." *Klausner v. Annie's, Inc.*, No. 20 Civ. 08467 (PMH), 2022 WL 204356, at *7 (S.D.N.Y. Jan. 24, 2022). Saidnia makes no such claim against the Jacobsons: at no point in the Amended Complaint does she allege that the Jacobsons – as opposed to Nimbus – personally benefited from the alleged conduct. For that reason alone, her unjust enrichment claim against them should be dismissed.

Relatedly, it is impermissible to turn a breach of contract case against a company into an unjust enrichment claim against the company's principals. If that were possible, it would turn the principles of limited liability and alter ego on their head. An unjust enrichment claim cannot be used to "circumvent basic contract principles recognizing that a person not a party to a contract cannot be held liable to it" or as an "end-run around the requirements of the common law alter ego doctrine." *McBeth v. Porges*, 171 F. Supp. 3d 216, 231 (S.D.N.Y. 2016) (citing *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891-92 (Del. Ch. 2009)).

Moreover, an unjust enrichment claim must be dismissed where, as here, it is premised on the same conduct as breach of contract or traditional tort claims asserted in the same matter. This is because unjust enrichment is not "a catchall cause of action to be used when others fail." *Klausner*, 2022 WL 204356, at *7. *See also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes

12

recovery in quasi contract for events arising out of the same subject matter." (internal quotation marks omitted)); *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016) ("If the plaintiff is simply restating a contract or tort claim, then unjust enrichment is not available."); *McBeth*, 171 F. Supp. at 232 (dismissing unjust enrichment claim where, "to the extent that Plaintiff's other claims succeed, the unjust enrichment claim is duplicative; if his other claims are defective, an unjust enrichment claim cannot remedy the defects" (internal quotation marks and alterations omitted)).

In sum, Saidnia's unjust enrichment claim fails to allege that the Jacobsons were enriched, attempts an impermissible end-run around principles of limited liability and alter ego, and is duplicative of her breach of contract and fraud claims. It should therefore be dismissed.

## CONCLUSION

For the reasons stated above, the Court should dismiss all claims asserted in the Amended Complaint against the Jacobsons.

Dated: White Plains, New York
February 3, 2022

                              Respectfully submitted,

                              YANKWITT LLP

                              */s/ Russell M. Yankwitt*
                              Russell M. Yankwitt
                              Benjamin C. Fishman
                              140 Grand Street, Suite 705
                              White Plains, New York 10601
                              Tel.:   (914) 686-1500
                              Fax:   (914) 487-5000
                              russell@yankwitt.com
                              bfishman@yankwitt.com

                              *Counsel for Defendants Remy*
                              *Jacobson and Jean-Marc Jacobson*