UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY SAIDNIA,<br><br>                    Plaintiff,<br><br>     -against-<br><br>NIMBUS MINING LLC, REMY JACOBSON, GREG BACHRACH, and JEAN-MARC JACOBSON,<br><br>                    Defendants. | No. 21 Civ. 7792 (VSB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS REMY JACOBSON AND JEAN-MARC JACOBSON'S
MOTION TO DISMISS**

YANKWITT LLP
Russell M. Yankwitt
Benjamin C. Fishman
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:   (914) 686-1500
Fax:    (914) 487-5000
russell@yankwitt.com
bfishman@yankwitt.com

*Counsel for Defendants Remy
Jacobson and Jean-Marc Jacobson*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. ........................................................................................................ii

ARGUMENT ............................................................................................................................... 1

  I.  SAIDNIA'S ALTER EGO CLAIM FAILS ......................................................................... 1

    A.  Saidnia's Alter Ego Claim Must Meet the Pleading Standard of Rule 9(b) ................... 1

    B.  Saidnia's Alter Ego Claim Should Be Dismissed as Conclusory ................................... 4

    C.  Leave to Amend Should be Denied ............................................................................... 7

  II.  SAIDNIA'S UNJUST ENRICHMENT CLAIM FAILS ..................................................... 8

  III.  SAIDNIA'S FRAUD CLAIM FAILS ............................................................................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases                                                                                                    Page(s)

*Agai v. Diontech Consulting, Inc.*,
    138 A.D.3d 736 (2d Dep't 2016)................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................2

*Baby Phat Holding Co., LLC v. Kellwood Co.*,
    123 A.D.3d 405 (1st Dep't 2014)..........................................................7

*Bell v. Koss*,
    No. 17 Civ. 7762 (AT) (DCF), 2020 WL 4570439 (S.D.N.Y. Aug. 7, 2020) ..........................8

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006) ..................................................................9

*Bourbia v. S.C. Johnson & Son, Inc.*,
    375 F. Supp. 3d 454 (S.D.N.Y. 2019) ....................................................8

*Brady v. Anker Innovations Ltd.*,
    No. 18 Civ. 11396 (NSR), 2020 WL 158760 (S.D.N.Y. Jan. 13, 2020) ..................................10

*Brodie v. Green Spot Foods, LLC*,
    503 F. Supp. 3d 1 (S.D.N.Y. 2020) ......................................................3

*BSI, LLC v. Raimo*,
    195 A.D.3d 590 (2d Dep't 2021)............................................................5

*Campbell v. Whole Foods Market Group, Inc.*,
    516 F. Supp. 3d 370 (S.D.N.Y. 2021) ....................................................8

*Capmark Financial Group Inc. v. Goldman Sachs Credit Partners L.P.*,
    491 B.R. 335 (S.D.N.Y 2013) ................................................................7

*Corsello v. Verizon New York, Inc.*,
    18 N.Y.3d 777 (2012)............................................................................9

*Cotten v. Robert K. Lesser Trust*,
    No. K1-2010-1676, 2017 WL 811886 (Sup. Ct., Chautauqua Cty., Feb. 23, 2017) ..................7

*East Hampton Union Free School Dist. v. Sandpebble Bldrs., Inc.*,
    66 A.D.3d 122 (2d Dep't 2009)..............................................................3

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
  228 F.R.D. 508 (S.D.N.Y. 2005) ................................................................. 1,2

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*,
  837 F. Supp. 2d 162 (S.D.N.Y. 2011) .............................................................. 9

*Godwin Realty Associates v. CATV Enterprises, Inc.*,
  275 A.D.2d 269 (1st Dep't 2000) ..................................................................... 7

*JBCHoldings NY, LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) ............................................................. 3

*KCG Americas LLC v. Brazilmed, LLC*,
  No. 15 Civ. 4600 (AT), 2016 WL 900396 (S.D.N.Y. Feb. 26, 2016) .................... 9

*Mandala v. NTT Data, Inc.*,
  975 F.3d 202 (2d Cir. 2020) ........................................................................... 2

*Mandala v. NTT Data, Inc.*,
  988 F.3d 664 (2d Cir. 2021) ........................................................................... 2

*Michaels v. Banks*,
  959 F. Supp. 2d 244 (N.D.N.Y. 2013) .............................................................. 2

*Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*,
  326 F. Supp. 3d 26 (S.D.N.Y. 2018) ............................................................... 2

*Mueller v. Michael Janssen Gallery Pte. Ltd.*,
  225 F. Supp. 3d 201 (S.D.N.Y. 2016) .............................................................. 9

*Ningbo Products Import & Export Co., Ltd. v. Eliau*,
  No. 11 Civ. 650 (PKC), 2011 WL 5142756 (S.D.N.Y. Oct. 31, 2011) .................. 5

*Ramiro Aviles v. S & P Global, Inc.*,
  380 F. Supp .3d 221 (S.D.N.Y. 2019) ............................................................ 10

*Reddy v. Mihos*,
  160 A.D.3d 510 (1st Dep't 2018) ..................................................................... 5

*Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC*,
  192 F. Supp. 3d 348 (S.D.N.Y. 2016) ........................................................... 10

*Schiff v. ZM Equity Partners, LLC*,
  No. 19 Civ. 4735, 2020 WL 5077712 (S.D.N.Y. Aug. 27, 2020) ........................ 1

*Sik Gaek, Inc. v. Yogi's II, Inc.*,
 No. 10 Civ. 4077 (ARR) (VVP), 2014 WL 4063403 (E.D.N.Y. Aug. 14, 2014) ...................... 1

*Sysco Food Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*,
 No. 08 Civ. 2958 (BSJ) (JCF), 2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009) .......................... 2

*Town-Line Car Wash, Inc. v. Don's Kleen Mach. Kar Wash, Inc.*,
 169 A.D.3d 1084 (2d Dep't 2019) ................................................................................................ 7

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*,
 216 F. Supp. 2d 198 (S.D.N.Y. 2002) ...................................................................................... 1,4

*Vance Bioenergy Sdn. Bhd. v. World Energy Alternatives, LLC*,
 No. 08 Civ. 9330 (LAK), 2010 WL 11595107 (S.D.N.Y. Jan. 19, 2010) .................................. 6

*William Wrigley Jr. Co. v. Waters*,
 890 F.2d 594 (2d Cir. 1989) ....................................................................................................... 5

Rules

Federal Rule of Civil Procedure 9(b) ................................................................................... 1,2,3

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1

Federal Rule of Civil Procedure 15(a) ....................................................................................... 7

Defendants Remy Jacobson and Jean-Marc Jacobson (together, the "Jacobsons") respectfully submit this reply memorandum of law in further support of their Motion to Dismiss the Amended Complaint (Dkt. No. 14) filed by plaintiff Tiffany Saidnia ("Saidnia") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

## I.   SAIDNIA'S ALTER EGO CLAIM FAILS

Saidnia fails in her opposition brief ("Opp. Br.") to show that her alter ego claim is anything but conclusory.  As such, it should be dismissed.  Moreover, Saidnia's proposed amendment would be futile.

### A.   Saidnia's Alter Ego Claim Must Meet the Pleading Standard of Rule 9(b)

Saidnia rests her alter ego argument on the premise that a "notice-pleading standard" applies.  (Opp. Br. at 11.)  This premise is incorrect.  Courts in this circuit have repeatedly made clear that, where the "crux" of an alter ego claim is that a defendant used the corporate form to commit fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. *See EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005).[1]

Saidnia's case boils down to two claims: (i) breach of the contract(s) she alleges she entered into with Nimbus Mining LLC ("Nimbus") and (ii) an alleged fraud, whereby "Defendants" (referred to as an undifferentiated group) made misrepresentations regarding a computer outage with the intent of depriving Saidnia of Bitcoins.  (*See* Am. Compl. ¶¶ 131-35.)

---

[1] *See also, e.g.*, *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10 Civ. 4077 (ARR) (VVP), 2014 WL 4063403, at *6 (E.D.N.Y. Aug. 14, 2014) ("The proposed pleading falls far short of the more demanding pleading standard under Rule 9(b) which applies to pleading claims where, as is the case here, the veil-piercing claim involves allegations of fraud."); *Schiff v. ZM Equity Partners, LLC*, No. 19 Civ. 4735, 2020 WL 5077712, at *4 (S.D.N.Y. Aug. 27, 2020) ("[W]here a veil-piercing claim rests on allegations of fraud, the heightened pleading standard of Rule 9(b) applies."); *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 223 (S.D.N.Y. 2002) (same).

Even if Saidnia sufficiently alleged complete domination and control of Nimbus by the Jacobsons (which she has not), the alleged breach of contract, standing alone, would be "insufficiently wrongful" to support veil-piercing.  *See Michaels v. Banks*,  959 F. Supp. 2d 244, 247 (N.D.N.Y. 2013).[2]  Because the alleged breach therefore cannot be the basis for Saidnia's alter ego claim, the "crux" of that claim must be the alleged fraud.  Indeed, Saidnia goes so far as to assert – conclusorily – that Defendants' "entire business enterprise was founded as a deception" (Opp. Br. at 14 n.11), highlighting the centrality of the alleged fraud to her alter ego claim.  Therefore, Rule 9(b)'s heightened pleading standard applies, requiring that Saidnia plead "particularized facts that give rise to a strong inference that defendant[s] acted with fraudulent intent." *EED Holdings*, 228 F.R.D. at 512 (internal quotation marks and alterations omitted).

Even if this Court were to apply the more lenient standard applicable to non-fraud-based claims, under Rule 8 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the alter ego claim would fail, since it is based on conclusory assertions parroting the veil-piercing factors, rather than specific factual allegations.[3]  Significantly, after *Iqbal*, the Rule 8 standard is stricter than the "notice pleading" standard applied in New York State courts.  *See Mandala v. NTT Data, Inc.*, 975 F.3d 202, 208 (2d Cir. 2020) (*Iqbal* held that "mere notice pleading" was "inadequate").[4]  Therefore,

---

[2] *See also Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26 (S.D.N.Y. 2018) ("Domination, standing alone, is not enough; some showing of a wrongful or unjust act toward the plaintiff is required.  Critically, the wrongful or unjust act must consist of more than merely the breach of contract that is the basis of the party's lawsuit." (internal citations, quotation marks, and alterations omitted)).

[3] *See Sysco Food Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*, No. 08 Civ. 2958 (BSJ) (JCF), 2009 WL 4042758, at *3 (S.D.N.Y. Nov. 17, 2009) ("Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability, even under the liberal notice pleading standard." (quotation marks omitted)); *EED Holdings*, 228 F.R.D. at 512 ("EED's veil-piercing allegations are conclusory and, therefore, fail to satisfy even the more lenient Rule 8(a) pleading requirements.").

[4] *See also Mandala v. NTT Data, Inc.*, 988 F.3d 664, 669 (2d Cir. 2021) ("For decades, Title VII claims – just like all other claims – were subject to a plaintiff-friendly notice pleading standard.  That changed with the Supreme Court's announcement of the plausibility pleading standard in *Twombly* and *Iqbal*.  For better or for worse, that standard made it harder for all plaintiffs, not just Title VII plaintiffs, to state a

this Court is not bound by the *exclusively* New York State cases Saidnia cites invoking New

York's notice pleading standard, including the cases cited for the proposition that plaintiffs may

appropriately plead alter ego claims on "information and belief."  (*See* Opp. Br. at 8, 11-12, 14.)

Under the pleading standard applicable in *federal* courts, such allegations do not pass muster.

(*See* Opening Br. at 6-7 (citing *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27

(S.D.N.Y. 2013), *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020)).)

Notably, contrary to Saidnia's argument that it is inappropriate to dismiss alter ego claims

at the pleadings stage (*see* Opp. Br. at 8), one of the state-law cases she cites (*id.*) upholds

precisely such a dismissal.  *See East Hampton Union Free School Dist. v. Sandpebble Bldrs.,*

*Inc.*, 66 A.D.3d 122, 128 (2d Dep't 2009) ("[W]e reject [plaintiff's] argument that dismissal of

the complaint against Canseco is inappropriate at this stage inasmuch as evidence may

eventually be discovered that would justify piercing the corporate veil.").  As the court in that

case found, "[t]he policy inherent in allowing individuals to conduct business in the corporate

form so as to shield themselves from personal liability would be seriously threatened were we to

allow an insufficient cause of action to survive, at least to the summary judgment stage, merely

on the plaintiff's hope that something will turn up."  *Id.* at 129.

In sum, because Saidnia's veil-piercing claim sounds in fraud, Rule 9(b)'s heightened

pleading standard applies.  Even under the more lenient Rule 8 standard (which is stricter than

New York's "notice pleading" standard), conclusory alter ego allegations, pleaded on

information and belief and unsupported by specific facts, cannot stand.

---

claim for relief." (internal citation omitted)) (Judges Sullivan, Nardini, Livingston, Cabranes, and Park,
Circuit Judges, concurring in order denying rehearing *en banc*).

**B.      Saidnia's Alter Ego Claim Should Be Dismissed as Conclusory**

Saidnia seeks to support her alter ego claim with unspecific, unsupported claims that the individual defendants "exercised complete dominion and control over Nimbus," "siphoned funds" from the company, left it "undercapitalized," failed to follow "corporate formalities," and existed "as a mere façade" for the individual defendants.  (Opp. Br. at 3 (citing Am. Compl. ¶¶ 143-44, 147, 148 (all allegations made "upon information and belief").)

Federal cases in this Circuit make clear that such allegations are insufficient to state a claim for veil-piercing.  In addition to the cases cited at pages 5-8 of the Jacobsons' opening brief, then-District Judge Lynch's decision in *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198 (S.D.N.Y. 2002), is apposite.  There, plaintiff alleged "upon information and belief" that the corporate defendant "failed to observe corporate formalities," that the individual defendants, as the company's owners or officers, "prompted" the company's allegedly wrongful acts, and that the individual defendants misappropriated for their personal use certain funds the corporate defendant was holding in trust for plaintiff.  *Id.* at 224.  The court found these allegations – which are comparable in specificity to those at issue here – insufficient to withstand the individual defendants' motion to dismiss.  *See id.*  In so ruling, the court found that it was " not enough for [plaintiff] simply to assert the conclusion that the [individual defendants] 'did not observe corporate formalities' and that they 'fraudulently' transferred funds from the corporate entity to themselves for their own benefit.  Rather, [plaintiff] must assert *specific facts* showing that the [individual defendants] were doing business in their individual capacities without regard to corporate formalities." *Id.* (emphasis added).  It follows that it is insufficient for Saidnia to allege that the individual defendants "exercised dominion" over

4

Nimbus, "siphoned" its funds, and failed to follow "corporate formalities."  Instead, she must allege *specific facts* supporting these contentions.

Saidnia's *only* specific allegations on this score relate to alleged unkept promises to pay her made by individual defendants Remy Jacobson and Bachrach.  (*See* Opp. Br. at 6-7, 12.) Saidnia attempts to transform these alleged promises into a failure to "follow corporate formalities" sufficient to justify veil-piercing, but this attempt fails.  First, it is not clear whether Jacobson or Bachrach were allegedly promising to use their own personal funds to pay Saidnia, or instead to direct Nimbus to pay Saidnia from *its* funds – in the latter case, "corporate formalities" would have been followed.  Second, Saidnia alleges that she was not paid, and so clearly the individuals did *not* in fact use their personal funds to cover the company's alleged debt.  Third, even if the individual defendants did promise to use personal funds to compensate Saidnia, this is too slender a reed on which to base a veil-piercing claim.  *Compare Ningbo Products Import & Export Co., Ltd. v. Eliau*, No. 11 Civ. 650 (PKC), 2011 WL 5142756, at *6 (S.D.N.Y. Oct. 31, 2011) (finding individual defendant's deposit of personal funds into corporate defendant's account inadequate to support alleged absence of corporate formalities).[5]

In this regard, the Second Circuit has instructed that, "in the case of small privately held corporations" like Nimbus, "where the trappings of sophisticated corporate life are rarely present," courts should avoid "preoccupation with questions of structure [and] financial and accounting sophistication."  *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 601 (2d Cir. 1989).

---

[5] Saidnia also argues that Remy Jacobson's alleged promise to pay her somehow created a contract that he then breached.  (*See* Opp. Br. at 17 n.14.)  It should go without saying that a promise given without consideration does not form a contract.  *See, e.g.*, *BSI, LLC v. Raimo*, 195 A.D.3d 590, 593 (2d Dep't 2021); *Reddy v. Mihos*, 160 A.D.3d 510, 515 (1st Dep't 2018).  No such consideration provided by Saidnia is alleged, and so Remy Jacobson's alleged promise did not create a contract.

This is because such a preoccupation "would inevitably beckon the end of limited liability for small business owners, many, if not most, of whom have chosen the corporate form to shield themselves from unlimited liability and potential financial ruin."  *Id.*  In that light, it is clear that the individuals' alleged offers to cover certain of Nimbus's financial obligations is hardly the kind of failure to follow "corporate formalities" that could justify piercing the corporate veil.

Saidnia also rests her alter ego claim on Nimbus's alleged insolvency.  (*See* Opp. Br. at 12.)  But she offers no specific facts supporting her allegation that the individual defendants improperly "siphoned" away Nimbus's funds, and the Amended Complaint provides no basis for concluding that Nimbus's insolvency is illegitimate or reflects improper conduct.  Indeed, it is equally consistent with the company simply going out of business at some point in the years between the relevant events (2014-2017) and Saidnia's filing of her complaint in 2021.

Once again, federal cases in this district demonstrate the inadequacy of Saidnia's allegations.  For example, in *EED Holdings*, plaintiff alleged that the individual defendants "knowingly undercapitalized" the corporate entities "to be able to avoid obligations that would arise from their operations," including obligations to the plaintiff under the contract at issue.  228 F.R.D. at 513.  The court dismissed this allegation as "conclusory" and rejected plaintiff's alter ego claim.  *See id.  See also Vance Bioenergy Sdn. Bhd. v. World Energy Alternatives, LLC*, No. 08 Civ. 9330 (LAK), 2010 WL 11595107, at *2 (S.D.N.Y. Jan. 19, 2010) ("The facts plaintiff identifies, however, suggest only that WEA was insolvent at the time it contracted with plaintiff and that plaintiff was damaged as a result.  The amended complaint is devoid of any facts suggesting Gebolys dominated or undercapitalized WEA for the purpose of defrauding

plaintiff."); *Sysco Food Service*, 2009 WL 4042758, at *4 ("Sysco fails to allege how insolvency

in this instance shows any domination whatsoever.").[6]

In sum, Saidnia's alter ego claim is based on conclusory allegations made "upon

information and belief" that merely recite the relevant legal factors.  In her brief, she attempts to

bolster those allegations with references to the individuals' alleged promises to pay her and to

Nimbus's insolvency.  But these are not the kind of "extraordinary circumstances" that would

justify veil-piercing.  *See Capmark Financial Group Inc. v. Goldman Sachs Credit Partners*

*L.P.*, 491 B.R. 335, 347 (S.D.N.Y 2013).

### C.    Leave to Amend Should be Denied

In two footnotes, Saidnia asks the Court to permit her to amend her complaint a second

time, under Federal Rule of Civil Procedure 15(a), should the Court dismiss her alter ego claim.

(*See* Opp. Br. at 12 n.10 & 22 n.20.)  The Court should not give Saidnia leave to replead.

Saidnia proffers that, in a second amended complaint, she would add an allegation that,

based on a discussion with Bachrach, she understands that Remy Jacobson preferred to avoid

bankruptcy and to resolve any debts of the company "personally."  (*Id.* at 12 n.10.)  This is

---

[6] The cases Saidnia cites at pages 13-14 of her brief are inapposite, insofar as they either involve actual *evidence* of asset-stripping or far more detailed allegations than are present here.  *See Town-Line Car Wash, Inc. v. Don's Kleen Mach. Kar Wash, Inc.*, 169 A.D.3d 1084, 1085-86 (2d Dep't 2019) ("undisputed" on summary judgment that individual defendant dissolved corporate defendant without making reserves for contingent liabilities); *Matter of Agai v. Diontech Consulting, Inc.*, 138 A.D.3d 736, 737 (2d Dep't 2016) (evidence showed appellants "dominated Diontech, that Diontech did not adhere to any corporate formalities . . . , that the appellants used corporate funds for personal purposes, and that the appellants stripped Diontech of assets as they wound down the business, leaving it without sufficient funds to pay its creditors, including the petitioners"); *Baby Phat Holding Co., LLC v. Kellwood Co.*, 123 A.D.3d 405, 405-06 (1st Dep't 2014) (plaintiff alleged it paid purchase price directly to individual defendant, who personally made a specified, written misrepresentation that induced plaintiff to enter into the agreement); *Godwin Realty Associates v. CATV Enterprises, Inc.*, 275 A.D.2d 269, 270 (1st Dep't 2000) (evidence demonstrated that corporate defendant was "treated as a shell corporation" and that individual shareholders had "stripped [it] of its assets"); *Cotten v. Robert K. Lesser Trust*, No. K1-2010-1676, 2017 WL 811886, at *6 (Sup. Ct., Chautauqua Cty., Feb. 23, 2017) (evidence showed that individual defendants "converted over $1,500,000 in corporate funds . . . to their own personal use").

apparently the only allegation that would be added as to the Jacobsons (*see id.*), and it is an insufficient ground for permitting a second amendment, since it would not materially change the alter ego analysis.  As discussed above, *offers* or *plans* by the individuals to cover Nimbus's debts simply do not justify veil-piercing.[7]

## II.    SAIDNIA'S UNJUST ENRICHMENT CLAIM FAILS

Saidnia attempts to salvage her unjust enrichment claim by arguing that it is pleaded "in the alternative." (*See* Opp. Br. at 17-18.)  However, this does nothing to change the fact that she has failed to allege that the Jacobsons (as opposed to Nimbus) were in any way enriched by the alleged conduct.  (*See* Opening Br. at 12.)  To the extent Saidnia relies on veil-piercing to support this claim, such an attempt fails for the reasons stated above.

Nor does pleading "in the alternative" change the requirement that the unjust enrichment claim be dismissed as duplicative of Saidnia's contract and fraud claims.  There are no circumstances in which Saidnia would fail to prove Nimbus violated the contracts, also fail to prove fraud, but somehow succeed in making out her unjust enrichment claim.  Where, as here, an unjust enrichment claim "relies on the same conduct that forms the basis of [plaintiff's] other claims," it should be dismissed as duplicative, even if it is pleaded in the alternative.  *See Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 466 (S.D.N.Y. 2019).[8]

---

[7] *Compare Bell v. Koss*, No. 17 Civ. 7762 (AT) (DCF), 2020 WL 4570439, at *4 (S.D.N.Y. Aug. 7, 2020) (rejecting Rule 15(a) motion to amend alter ego claim as futile where plaintiff's proposed amended complaint alleged "in conclusory fashion" that the corporate defendant was "undercapitalized" and that the individual defendants "used the assets of the corporation for their own purposes").

[8] *See also Campbell v. Whole Foods Market Group, Inc.*, 516 F. Supp. 3d 370, 394 n.15 (S.D.N.Y. 2021) ("While it is certainly true, as Plaintiff argues, that she may plead unjust enrichment in the alternative to [her] other claims, it is equally true that, even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." (internal quotations marks and alterations omitted)); *Brady v. Anker Innovations Ltd.*, No. 18 Civ. 11396 (NSR), 2020 WL 158760, at *12 (S.D.N.Y. Jan. 13, 2020) ("Plaintiffs allege that Defendants committed actionable wrongs by misrepresenting the capacity of their Power Banks to consumers at the point of sale and on the Power Banks' packaging.  Thus, to the

Moreover, where, as here, plaintiff alleges that a valid contract governs the subject matter at issue, and defendants do not challenge the existence of that contract, an unjust enrichment claim must be dismissed.[9]  *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006).  This is true even if valid defenses to the breach-of-contract claim may exist.  *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790-91 (2012) ("To the extent that [plaintiff's] claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects.").  The principle also applies to unjust enrichment claims asserted, as here, against non-parties to the contract.  *See KCG Americas LLC v. Brazilmed, LLC*, No. 15 Civ. 4600 (AT), 2016 WL 900396, at *7 (S.D.N.Y. Feb. 26, 2016) ("The existence of an express written agreement that governs the subject matter of the dispute generally precludes the equitable claim of unjust enrichment.  This principle operates to bar even an unjust enrichment claim brought against a non-party to the contract." (internal citation omitted)).[10]

Because Saidnia's unjust enrichment claim fails to allege that the Jacobsons were enriched and is duplicative of her other claims, it should be dismissed.

## III.   SAIDNIA'S FRAUD CLAIM FAILS

Saidnia's fraud claim fails because it is speculative on its face.  The Amended Complaint and Saidnia's brief make clear that she has no basis, other than "information and belief," upon which to allege that Nimbus did not actually suffer a computer outage – and Nimbus's

---

extent these claims ultimately succeed, the unjust enrichment claim would be duplicative, and to the extent the claims fail, the basis for Plaintiffs' unjust enrichment claim would necessarily crumble.")

[9] Without waiving the right to assert any and all defenses, the Jacobsons acknowledge that Saidnia and Nimbus entered into a valid contract.

[10] *See also Mueller v. Michael Janssen Gallery Pte. Ltd.*, 225 F. Supp. 3d 201, 207 (S.D.N.Y. 2016) (same, and citing cases); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 202 (S.D.N.Y. 2011) (same).

representations as to that outage form the entire basis for the fraud claim.[11]  The claim should be dismissed on that basis alone.  *See Royal Host Realty, LLC v. 793 Ninth Avenue Realty, LLC*, 192 F. Supp. 3d 348, 355 (S.D.N.Y. 2016) ("[A]llegations of fraud based on information and belief are insufficient unless they include a statement of facts on which the belief is founded.").

Saidnia also fails to allege any specific fraudulent statements made by the Jacobsons, which is fatal to her fraud claim against them.  (*See* Opening Br. at 10-11.)  She attempts to get around this by relying on her alter ego claim (*see* Opp. Br. at 20 n.17 & 22), but as discussed above, her allegations do not support veil-piercing.

## CONCLUSION

For the reasons stated above and in the Jacobsons' opening brief, the Court should dismiss all claims asserted in the Amended Complaint against the Jacobsons.

Dated:  White Plains, New York
April 8, 2022

Respectfully submitted,

YANKWITT LLP
*/s/ Russell M. Yankwitt*
Russell M. Yankwitt
Benjamin C. Fishman
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:    (914) 686-1500
Fax:    (914) 487-5000
russell@yankwitt.com
bfishman@yankwitt.com

*Counsel for Defendants Remy*
*Jacobson and Jean-Marc Jacobson*

---

[11] While Saidnia asserts that Remy Jacobson "furthered the fraud" by promising to pay her (Opp. Br. at 20), she does not allege that she took any action in reliance on that alleged promise, and so it cannot form the basis for her fraud claim.  *See Ramiro Aviles v. S & P Global, Inc.*, 380 F. Supp .3d 221, 283 (S.D.N.Y. 2019) ("New York law requires that a plaintiff alleging fraud establish 'actual reliance' on a specific misrepresentation or omission.").