UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY SAIDNIA,<br><br>                    Plaintiff,<br>  -against-<br><br>NIMBUS MINING LLC, REMY JACOBSON, GREG BACHRACH, and JEAN-MARC JACOBSON,<br><br>                    Defendants. | Case No. 21 Civ. 7792 (VSB)<br><br>**DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

Russell M. Yankwitt, Esq. makes the following declaration pursuant to 28 U.S.C. § 1746:

1. I am the managing partner of the law firm of Yankwitt LLP (the "Firm"), attorneys for defendants Remy Jacobson and Jean-Marc Jacobson ("Defendants") in the above-captioned case. I, along with Jonathan Ohring, Esq., are the Firm's counsel of record in this matter. As such, I am fully familiar with all the prior facts and circumstances herein.

2. I submit this Declaration in support of the instant application to relieve the Firm from serving as counsel of record for Defendants.

3. The current application to withdraw is being made due to Defendants' failure to meet the obligation set forth in their retention agreement with the Firm to timely pay legal fees billed by the Firm. Defendants have not paid legal fees owing to the Firm in more than a year, despite numerous requests by the Firm.

4. On numerous occasions, the Firm has advised Defendants that it would seek to withdraw as counsel if Defendants continued to fail to comply with their obligation to pay the outstanding legal fees, but Defendants did not make any payments.

5. Moreover, Defendants are failing to timely respond to email inquiries from the Firm.

6.       Defendants' deliberate disregard of their agreement to pay their legal fees is sufficient grounds for the Firm's withdrawal from the representation.  *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(5); *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 565 (2d Dep't 1991) ("It is well-settled that in civil cases an attorney will be permitted to withdraw where a client refuses to pay his or her reasonable fees"); *Holmes v. Y.J.A. Reality Corp.*, 128 A.D.2d 482, 483 (1st Dep't 1987) ("Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services").

7.       In addition, Defendants' failure to timely respond to the Firm's inquiries makes it unreasonably difficult for the Firm to represent them effectively.  A lawyer may withdraw from representing a client if "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(7); *see also Bok v. Werner*, 9 A.D.3d 318, 332 (1st Dep't 2004) (plaintiff's failure to respond to communication from counsel made it "unreasonably difficult" for counsel to represent them effectively).

8.       Moreover, withdrawal can be accomplished without material adverse effect on Defendants' interests.  *See* N.Y. RULES OF PROF. CONDUCT, R. 1.16(c)(1) (providing for this additional ground for withdrawal).  The case is in its infancy, with the Court having recently issued a ruling on Defendants' motion to dismiss the Amended Complaint, and Defendants have not filed an answer to the Amended Complaint, nor has discovery commenced.  As such, Defendants' ability to protect their interests, either through new counsel or *pro se*, should not be materially impacted.

9.       Accordingly, good cause warranting the application to withdraw exists, and we respectfully request issuance of an order relieving the Firm as counsel for Defendants.

**WHEREFORE**, the Firm respectfully requests that the Court issue an order granting it, and its attorneys Russell M. Yankwitt and Jonathan Ohring, leave to withdraw as counsel of record for Defendants and for such other and further relief as this Court deems just and proper.

Dated: December 4, 2023
       White Plains, New York

                                                                 Russell M. Yankwitt