**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TIFFANY SAIDNIA,

                    Plaintiff,

          v.

NIMBUS MINING LLC, REMY JACOBSON,
GREG BACHRACH, and JEAN-MARC
JACOBSON,

                    Defendants.

Civil Action No.: 1:21-cv-07792-VSB

**DEFENDANT GREG BACHRACH'S**
**ANSWER AND AFFIRMATIVE**
**DEFENSES TO THE AMENDED**
**COMPLAINT**

Defendant GREG BACHRACH ( "Defendant"), by and through his undersigned attorneys, Song Ramin PLLC, as and for his Answer, Affirmative Defenses to the Amended Complaint (Doc. 14) ("Complaint") filed by Plaintiff TIFFANY SAIDNIA ("Plaintiff") hereby respond as follows:

## INTRODUCTION

1.      Defendant neither admits nor denies the allegations in paragraph 1 of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph 1 of the Complaint.

2.      Defendant  denies the allegations in paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 3 of the Complaint, and therefore denies the same.

1

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 4 of the Complaint, and therefore denies the same.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 6 of the Complaint, and therefore denies the same.

7.      Defendant denies the allegations in paragraph 7 of the Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 10 of the Complaint, and therefore denies the same.

11.      Defendant denies the allegations in paragraph 11 of the Complaint and directs the Court to *Kahuna Group, LLC v Bunker Capital, LLC*, 2022 US Dist LEXIS 129270, at *2, n 1 [WDNC July 21, 2022, No. 3:19-CV-00552-GCM]) ("Kahuna voluntarily dismissed its claims against Bachrach. ECF No. 28.").

12.      Defendant neither admits nor denies the allegations in paragraph 12 in the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph 12 of the Complaint.

**PARTIES AND RELEVANT ENTITIES**

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 13 of the Complaint, and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 14 of the Complaint, and therefore denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 15 of the Complaint, and therefore denies the same, including subparts "a" through "d" thereof.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 16 of the Complaint, and therefore denies the same.

17.     Defendant admits that he is an individual and that he worked for Nimbus Mining LLC and denies the rest of the allegations in paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 18 of the Complaint, and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 19 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 20 of the Complaint, and therefore denies the same.

21.     Defendant admits he presently resides in Floria and denies the remaining allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

**STATEMENT OF FACTS**

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 26 of the Complaint, and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 27 of the Complaint, and therefore denies the same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 28 of the Complaint, and therefore denies the same.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 29 of the Complaint, and therefore denies the same.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 30 of the Complaint, and therefore denies the same.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 31 of the Complaint, and therefore denies the same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 32 of the Complaint, and therefore denies the same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 33 of the Complaint, and therefore denies the same.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 34 of the Complaint, and therefore denies the same.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 35 of the Complaint, and therefore denies the same.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 36 of the Complaint, and therefore denies the same.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 37 of the Complaint, and therefore denies the same.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 38 of the Complaint, and therefore denies the same.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 39 of the Complaint, and therefore denies the same.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 40 of the Complaint, and therefore denies the same.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 41 of the Complaint, and therefore denies the same.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 42 of the Complaint, and therefore denies the same.

43.    Defendant admits that non-party Butterfly labs provided services to Nimbus Mining LLC and is without knowledge or information sufficient to form a belief as to the truth of the rest of the averments made in paragraph 43 of the Complaint, and therefore denies the same.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 44 of the Complaint, and therefore denies the same.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 45 of the Complaint, and therefore denies the same.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 46 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 47 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 48 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 49 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 50 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract and communications between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 51 of the Complaint, and therefore denies the same and

respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 53 of the Complaint, and therefore denies the same and respectfully refers the Court to the Nimbus Mining LLC website for a full and an accurate statement of their relevant terms and conditions.

54.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 54 of the Complaint, and therefore denies the same.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 55 of the Complaint, and therefore denies the same.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 56 of the Complaint, and therefore denies the same.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 57 of the Complaint, and therefore denies the same.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 58 of the Complaint, and therefore denies the same.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 59 of the Complaint, and therefore denies the same.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 60 of the Complaint, and therefore denies the same.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 61 of the Complaint, and therefore denies the same.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 62 of the Complaint, and therefore denies the same.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 63 of the Complaint, and therefore denies the same.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 64 of the Complaint, and therefore denies the same.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 65 of the Complaint, and therefore denies the same.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 66 of the Complaint, and therefore denies the same.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 67 of the Complaint, and therefore denies the same.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 68 of the Complaint, and therefore denies the same.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 69 of the Complaint, and therefore denies the same.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 70 of the Complaint, and therefore denies the same.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 71 of the Complaint, and therefore denies the same.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 72 of the Complaint, and therefore denies the same.

73.     Defendant admits that he spoke with Plaintiff in early 2017 and denies the remaining allegations in paragraph 73 of the Complaint.

74.     Defendant admits the allegations in paragraph 74 of the Complaint.

75.     Defendant admits the allegations in paragraph 75 of the Complaint.

76.     Defendant admits the allegations in paragraph 76 of the Complaint.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 77 of the Complaint, and therefore denies the same.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 78 of the Complaint, and therefore denies the same.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 79 of the Complaint, and therefore denies the same.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 80 of the Complaint, and therefore denies the same.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 81 of the Complaint, and therefore denies the same.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 82 of the Complaint, and therefore denies the same.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 83 of the Complaint, and therefore denies the same.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 84 of the Complaint, and therefore denies the same.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 85 of the Complaint, and therefore denies the same.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 86 of the Complaint, and therefore denies the same.

87.     Defendant admits that he represented to Plaintiff that Remy Jacobson repeatedly represented to Plaintiff that he was responsible and would resolve issues Plaintiff had with Nimbus Mining LLC and denies the remaining allegations in paragraph 87 of the Complaint.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 88 of the Complaint, and therefore denies the same.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 89 of the Complaint, and therefore denies the same.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 90 of the Complaint, and therefore denies the same.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 91 of the Complaint, and therefore denies the same.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 92 of the Complaint, and therefore denies the same.

93.     Defendant denies the allegations in paragraph 93 of the Complaint.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 94 of the Complaint, and therefore denies the same.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

95.     Defendant incorporate his responses above as if set forth at length herein.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 96 of the Complaint, and therefore denies the same and

respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 97 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 98 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

99.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 99 of the Complaint, and therefore denies the same.

100.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 100 of the Complaint, and therefore denies the same.

101.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 101 of the Complaint, and therefore denies the same.

102.     Defendant denies the allegations in paragraph 102 of the Complaint.

103.     Defendant denies the allegations in paragraph 103 of the Complaint.

104.     Defendant denies the allegations in paragraph 104 of the Complaint.

105.     Defendant denies the allegations in paragraph 105 of the Complaint.

106.     Defendant denies the allegations in paragraph 106 of the Complaint.

107.     Defendant denies the allegations in paragraph 107 of the Complaint.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

108.    Defendants incorporate his responses above as if set forth at length herein.

109.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 109 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 110 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions.

111.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 111 of the Complaint, and therefore denies the same and respectfully refers the Court to the Contract between Plaintiff and Nimbus Mining LLC for a full and an accurate statement of their relevant terms and conditions

112.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 112 of the Complaint, and therefore denies the same.

113.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 113 of the Complaint, and therefore denies the same.

114.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 114 of the Complaint, and therefore denies the same.

115.    Defendant denies the allegations in paragraph 115 of the Complaint.

116.    Defendant denies the allegations in paragraph 116 of the Complaint.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 117 of the Complaint, and therefore denies the same.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 118 of the Complaint, and therefore denies the same.

119.    Defendant denies the allegations in paragraph 119 of the Complaint.

120.    Defendant denies the allegations in paragraph 120 of the Complaint.

121.    Defendant denies the allegations in paragraph 121 of the Complaint.

122.    Defendant denies the allegations in paragraph 122 of the Complaint.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**

123.    Defendants incorporate his responses above as if set forth at length herein.

124.    Defendant denies the allegations in paragraph 124 of the Complaint.

125.    Defendant denies the allegations in paragraph 125 of the Complaint.

126.    Defendant denies the allegations in paragraph 126 of the Complaint.

127.    Defendant denies the allegations in paragraph 127 of the Complaint.

128.    Defendant denies the allegations in paragraph 128 of the Complaint.

129.    Defendant denies the allegations in paragraph 129 of the Complaint.

**FOURTH CAUSE OF ACTION**
**FRAUD**

130.    Defendants incorporate his responses above as if set forth at length herein.

131.    Defendant denies the allegations in paragraph 131 of the Complaint.

132.    Defendant denies the allegations in paragraph 132 of the Complaint.

133.    Defendant denies the allegations in paragraph 133 of the Complaint.

134.    Defendant denies the allegations in paragraph 134 of the Complaint.

135.    Defendant denies the allegations in paragraph 135 of the Complaint.

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies the allegations in paragraph 138 of the Complaint.

139.    Defendant denies the allegations in paragraph 139 of the Complaint.

140.    Defendant denies the allegations in paragraph 140 of the Complaint.

141.    Defendant denies the allegations in paragraph 141 of the Complaint

**FIFTH CAUSE OF ACTION**
**PIERCING THE CORPORATE VEIL / ALTER EGO**

142.    Defendants incorporate his responses above as if set forth at length herein.

143.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 143 of the Complaint, and therefore denies the same.

144.    Defendant denies the allegations in paragraph 144 of the Complaint.

145.    Defendant denies the allegations in paragraph 145 of the Complaint.

146.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments made in paragraph 146 of the Complaint, and therefore denies the same.

147.     Defendant denies the allegations in paragraph 147 of the Complaint.

148.    Defendant denies the allegations in paragraph 148 of the Complaint.

149.    Defendant denies the allegations in paragraph 149 of the Complaint.

150.    Defendant denies the allegations in paragraph 150 of the Complaint.

151.    Defendant denies the allegations in paragraph 151 of the Complaint.

152.    Defendant denies the allegations in paragraph 152 of the Complaint.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

153.    Defendant denies the allegations and claims contained in Plaintiffs' prayer for relief in the Complaint, including subsections "a" through "h" thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

14

By way of further answer, Defendant asserts the following and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intends to raise, and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

### AS AND FOR A FIRST DEFENSE

1.      Plaintiff's Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

2.      Plaintiff's Complaint, is barred, in whole or in part, by applicable statutes of limitation and/or the doctrine of laches.

### AS AND FOR A THIRD DEFENSE

3.      Defendant acted in good faith and have not violated any rights secured under federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH DEFENSE

4.      Any acts or omissions by Defendant was in good faith, and Defendant had reasonable grounds for believing that any such acts or omissions were not in violation of Plaintiff's rights and all applicable regulations.

### AS AND FOR A FIFTH DEFENSE

5.      The continued maintenance of this action in New York against Defendant runs afoul of NYBCL § 1314(b).

### AS AND FOR A SIXTH DEFENSE

6.      The Complaint is largely devoted to claiming that Defendant should be held liable

for the alleged failure of Nimbus Mining LLC to provide bitcoins to Plaintiff under an alter ego theory. However, this theory is belied by the facts. As the Complaint alleges, Nimbus Mining LLC was able to conduct business through third-party entites, to wit: Butterfly Labs and Hashfast.

Butterfly Labs a/k/a BF Labs Inc. defrauded Nimbus Mining and many others by not providing equiptment and Bitcoin mining services. <u>See</u>

- *Federal Trade Commission v. BF Labs Inc.*, <u>1:2014mc00186</u>, Delaware District Court;

- *Meissner v. BF Labs Inc.*, <u>2:2013cv02617</u>, Kansas District Court;

  *Alexander et al v. BF Labs Inc.*, <u>2:2014cv02159</u>, Kansas District Court;

  *Alexander et al v. BF Labs Inc.*, <u>4:2014mc09016</u>, Missouri Western District Court;

  *Bevand v. BF Labs Inc. et al.*, <u>4:2016cv01115</u>, Missouri Western District Court;

- *FederalTrade Commission v. BF Labs, Inc.*, <u>2:2014mc00232</u>, Kansas District Court;

- *Federal Trade Commission v. BF Labs, Inc. et al*, <u>4:2014cv00815</u>, Missouri Western District Court;

- *Federal Trade Commission v. BF Labs, Inc. et al*, <u>8:2014mc00074</u>, Nebraska District Court.

Likewise, Hashfast a/k/a Hashfast LLC a/k/a Hashfast Technologies LLC filed for bankruptcy and did not provide Nimbus Mining with the equipment needed for Bitcoin mining services. <u>See</u>

- *HashFast LLC*, <u>3:2014bk30866</u>, California Northern Bankruptcy Court;

- *Hashfast Technologies LLC*, <u>3:2014bk30725</u>, California Northern Bankruptcy Court.

It was only because of the aforementioned entity failures that Nimbus Mining could not operate regularly.  Given these basic and unassailable facts, among others, it is simply impossible to allege alter ego liability against Defendant in good faith, within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

## AS AND FOR A SEVENTH DEFENSE

7.      The Complaint fails to state a claim under federal, state, and local law upon which either pre-judgment or post-judgment interest, punitive damages, or attorneys' fees may be awarded.

## AS AND FOR AN EIGHTH DEFENSE

8.      The Complaint is barred, in whole or in part, because of full and complete payment to Plaintiff, accord and/or satisfaction.

## AS AND FOR A NINTH DEFENSE

9.      The first, second, third and fourth causes of action in the Complaint are duplicative and therefore, three of them should be dismissed as a matter of law.

## AS AND FOR A TENTH DEFENSE

10.     Plaintiff's claims are barred in whole or in part by the doctrine of de minimis non curat lex.

## AS AND FOR AN ELEVENTH DEFENSE

11.     Plaintiff cannot, in whole or in part, maintain claims against Defendant. Defendant has no personal liability under the legal theories or factual allegations asserted by Plaintiff, and thus all claims against them should be dismissed.

## AS AND FOR A TWELFTH DEFENSE

12.     Plaintiff's claims are barred and precluded, in whole or in part, by the doctrine of avoidable consequences and estoppel.

## AS AND FOR A THIRTEENTH DEFENSE

13.     Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

## AS AND FOR A FOURTEENTH DEFENSE

14.     Plaintiff's claims are barred and precluded, in whole or in part, by Plaintiff's unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate any damages she may have suffered. Accordingly, Plaintiff's right to recover against Defendants should be reduced and/or eliminated due to such failure.

## AS AND FOR A FIFTEENTH DEFENSE

15.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## AS AND FOR A SIXTEENTH DEFENSE

16.     Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTEENTH DEFENSE

17.     If Plaintiff suffered any of the damages alleged in the Complaint, such damages were suffered solely as a result of her own negligent, recklessness, and/or improper actions, practices and/or conduct, and Plaintiff's culpable conduct is a bar to any recovery against Defendant.

**AS AND FOR AN EIGHTEENTH DEFENSE**

18.     Plaintiff's claims are barred in whole, or in part, by the doctrines of res judicata, estoppel, and/or waiver.

**AS AND FOR A NINTEENTH DEFENSE**

19.     The Court lacks subject matter jurisdiction, in whole or in part, over Plaintiff's claims.

**AS AND FOR A TWENTIETH DEFENSE**

20.     Plaintiff has not pled facts supporting an equitable tolling of the statute(s) of limitations and her alleged claims are not subject to same.

**AS AND FOR A TWENTY FIRST DEFENSE**

21.     Plaintiff has failed to plead her fraud related claims with particularity.

**DEMAND FOR JURY TRIAL**

22.     Defendant hereby demands a trial by jury.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety and that Defendant be awarded: (a) the costs and disbursements of this action; and (b) such other and further relief as this Court deems just and proper.

Dated: Bayside, New York
      December 7, 2023

                                        Respectfully submitted,
                                        **SONG RAMIN PLLC**

                                        */s/ Farzad Ramin*
                                        Farzad Ramin
                                        40-21 Bell Blvd., 2nd Fl.,
                                        Bayside, New York 11361
                                        E: framin@songramin.com

T: (718) 321-0770
*Attorneys for Defendant*
*GREG BACHRACH*