```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
TIFFANY SAIDNIA,                                           :
                                                           :
                                    Plaintiff,             :
                                                           :          21-CV-7792 (VSB)
                - against -                                :
                                                           :          **OPINION & ORDER**
                                                           :
NIMBUS MINING LLC, REMY JACOBSON,                          :
GREG BACHRACH, and JEAN-MARC                               :
JACOBSON,                                                  :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Daniel F. Wachtell
Law Office of Daniel F. Wachtell
New York, NY
*Counsel for Plaintiff*

Farzad Ramin
Song Ramin PLLC
Bayside, NY
*Counsel for Defendant Greg Bachrach*

Lisa Ann Herbert
Nelson Mullins Riley & Scarborough LLP
New York, NY

Justin B Kaplan
Elaine Kussurelis
Nelson Mullins Riley & Scarborough LLP
Miami, FL
*Counsel for Defendants Remy and Jean-Marc Jacobson*

VERNON S. BRODERICK, United States District Judge:

      Before me are (1) the motion filed on January 26, 2024 by Defendants Remy Jacobson and Jean-Marc Jacobson ("Defendants") to vacate the Clerk's Certificate of Default against

them, and (2) Plaintiff Tiffany Saidnia's cross motion, filed on February 9, 2024, for default judgment.  Because Defendants have demonstrated good cause for the relief requested, Defendants' motion to vacate the Clerk's Certificate of Default is GRANTED, and Plaintiff's motion for default judgment is DENIED.[1]

### I. Factual and Procedural Background

For the purposes of this motion, I assume familiarity with the background of this case as described in my prior October 24, 2023 Opinion & Order, (Doc. 63), denying Defendants' motion to dismiss.  Therefore, I describe only the history relevant to the instant motion.

On September 17, 2021, Plaintiff initiated this action by filing a complaint.  (Doc. 1.)  Pursuant to my October 1, 2021 Order directing Plaintiff to "file affidavits or an amended complaint adequately establishing the existence of subject-matter jurisdiction," (Doc. 12), Plaintiff filed an affidavit, (Doc. 13), and her amended complaint, (Doc. 14, "Amended Complaint" or "Am. Compl."), on October 5, 2021.  On February 3, 2022, Defendants filed their motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, (Doc. 32), as well as an accompanying memorandum of law, (Doc. 33).[2]  Plaintiff filed her memorandum in opposition to Defendants' motion to dismiss on March 17, 2022, (Doc. 52), and on April 8, 2022, Defendants filed their reply memorandum, (Doc. 58).

On October 24, 2023, I issued an Opinion & Order denying Defendants' motion to dismiss and directed Defendants to answer the Amended Complaint within fourteen days from

---

[1] Because motions for default judgment and motions to set aside default are resolved using the same standard, "a decision on one of the motions before me is determinative of the other." *Tverdy v. Metro Auto Body Inc.*, No. 20-CV-3153, 2020 WL 7343304, at *1 (E.D.N.Y. Dec. 14, 2020); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (setting aside entry of default judgment and observing that the same factors apply to motion to oppose default judgment).

[2] The same day, Defendant Greg Bachrach also filed a motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.  (Docs. 34, 34-1.)  Bachrach filed his Answer on December 8, 2023.  (Doc. 70.)

2

the entry of that order. (Doc. 63.) On November 3, 2023, I entered an Order extending the time for Defendants to answer the Amended Complaint to on or before December 7, 2023. (Doc. 66.) On December 4, 2023, three days before Defendants' answer was due, Defendants' prior counsel ("Prior Counsel") moved to withdraw. (Doc. 67.) On December 5, 2023, before granting Prior Counsel's motion to withdraw, I issued an Order directing Prior Counsel to "serve defendants with the motion to withdraw and declaration in support thereof, (Docs. 67, 68), or, if service has been affected, to file an affidavit of service." (Doc. 69.) Prior Counsel filed the affidavit of service on December 11, 2023, which reflected that the motion papers were sent by FedEx overnight mail to Defendants on December 6, 2023, and that Prior Counsel had received confirmation on December 7, 2023 that each mailing had been delivered. (Doc. 71 ¶¶ 5–6.) On December 12, 2023, I granted Prior Counsel's motion to withdraw.

On December 21, 2023, Plaintiff filed a Proposed Clerk's Certificate of Default against Defendants due to their failure to timely answer, (Doc. 73), which the Clerk of Court entered on December 22, 2023, (Doc. 75, "Certificate of Default"). On December 27, 2023, I issued an Order directing Plaintiff to take action in accordance with its Individual Rule 4.H governing default judgments within thirty days. (Doc. 76.) Thus, the deadline for Plaintiff to move for default judgment was January 26, 2024.

Although Defendants' current counsel ("Current Counsel") did not file a notice of appearance until January 19, 2024, (Doc. 77), while in the process of being retained, Current Counsel contacted Plaintiff's counsel and informed him that Defendants intended to move to vacate the Certificate of Default. (Doc. 81-3, "Kaplan Decl." ¶ 3.) The parties then discussed extending the deadline for Plaintiff to move for default judgment in order to facilitate a potential resolution of the dispute. (*Id*. ¶¶ 5–6). On January 19, 2023, the parties filed a joint letter

advising me of Defendants' intent to move to vacate the Certificate of Default, Plaintiff's intent to cross-move for default judgment, and proposing a briefing schedule, (Doc. 78), which I so ordered on January 22, 2024, (Doc. 79).

On January 26, 2024, Defendants filed their motion to vacate the Certificate of Default, (Doc. 80), as well as an accompanying memorandum of law, declarations, and exhibits, (Doc. 81), including a proposed Answer, (Doc. 81-5, "Proposed Answer").  On February 9, 2024, Plaintiff filed her cross motion for default judgment, (Doc. 87), as well as an accompanying memorandum, declarations, and exhibits in support of her cross motion and in opposition to Defendants' motion to vacate, (Doc. 88).  Defendants filed their reply memorandum on February 15, 2024, (Doc. 90), and Plaintiff filed her reply memorandum on February 23, 2024, (Doc. 91).

## II.   Legal Standard

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065 (JPC)(OTW), 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App' x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b)."). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment:  "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467

4

F. App'x at 33.  Courts may also consider "whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96.  The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *Enron*, 10 F.3d at 95; *see also Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits").  Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

### III. Discussion

#### A. *Willfulness*

In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *Am. Alliance Ins., v. Eagle Ins.*, 92 F.3d 57, 60–61 (2d Cir. 1996).  The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (internal quotation marks omitted).  "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (internal quotation marks omitted).

Here, I find that Defendants did not act willfully for at least three reasons. First, Defendants "actively defended" this action by filing a motion to dismiss and participating in settlement discussions with Plaintiff prior to their failure to timely answer. *See Youth Alive v. Hauppauge Sch. Dist.*, No. 08-CV-1068 (NGG)(ALC), 2011 WL 4628751, at *4 (E.D.N.Y. Sept. 30, 2011) (deeming the defendants' active defense of the action to be a sufficient basis for finding that defendants lacked an improper motive in failing to timely answer).

Second, Defendants proffer two sufficiently plausible explanations for their failure to timely answer the Amended Complaint. First, they assert that they incorrectly assumed that prior counsel would request an extension of time to file a responsive pleading to Plaintiff's Amended Complaint. (Doc. 81-1, "JM. Jacobson Decl." ¶ 6; Doc. 81-2, "R. Jacobson Decl." ¶ 6.) Second, Defendants aver that they assumed the deadline to file an answer would be "tolled" pending Prior Counsel's motion to withdraw to allow them time to retain new counsel. (JM. Jacobson Decl. ¶ 7; R. Jacobson Decl. ¶ 7.) Defendants also state that had Prior Counsel informed Defendants that they would be in default if they did not file a response to the Amended Complaint on or before December 7, 2023, that they would have immediately retained new counsel. (JM. Jacobson Decl. ¶ 8; R. Jacobson Decl. ¶ 8.) In response, Plaintiff questions the veracity of and urges me not to credit the Defendants' affidavits, characterizing Defendants' failure to answer and default as a "strategic decision" that was "unmistakably intentional." (Doc. 88 at 9.) Specifically, Plaintiff argues that Prior Counsel represented that there was a "serious possibility" that Defendants would default. (Doc. 87-2, "Wachtell Decl." ¶ 7.) Putting Plaintiff's rhetoric aside, even if Plaintiff's factual assertions create ambiguity as to whether the default was willful, the law is clear that when considering a motion to vacate a default judgment, I must resolve all doubts in favor of Defendants. *See Green*, 420 F.3d at 104 (2d Cir. 2005).

6

Thus, I credit the Defendants' proffered reasons for their failure to timely answer and find that Defendants' "incorrect assumptions about court processes and the obligation to respond to an action . . . support a showing that [their] default was not willful." *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2021 WL 6064101, at *3 (S.D.N.Y. Dec. 22, 2021). In fact, the law is clear that "even gross negligence does not lead to a finding of willfulness," Defendants' "incorrect assumptions" do not reflect a deliberate attempt to avoid this action. *Fischer v. Forrest*, No. 14-CV-1307, 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014); *see also Vedder Price P.C. v. US Cap. Partners, LLC*, 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017) ("In contrast to situations in which 'the conduct of counsel or the litigant was egregious and was not satisfactorily explained,' a defendant's inadvertent mistake may be excusable." (quoting *McNulty*, 137 F.3d at 738)).

Third, Defendants took "quick actions upon [their] receipt of the notice of default." *OEC Freight (NY) Inc. v. Stanley Furniture Co., Inc.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023). The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful. *See Enron Oil Corp.*, 10 F.3d at 98. Here, while in the process of being retained, Current Counsel informed Defendants of the Certificate of Default, informed Plaintiff's counsel one business day after the Certificate of Default was issued of Defendants intention to file a motion to vacate, and sought to confer with Plaintiff's counsel regarding the relief to be requested. (*See* Kaplan Decl. ¶ 3; JM. Jacobson Decl. ¶ 14; R. Jacobson Decl. ¶ 14.) The same day that Defendants' Current Counsel filed a notice of appearance, and the parties submitted a joint status letter requesting that I set a briefing schedule governing the instant motions. (Doc. 78.) Such a prompt response and attempt to remedy the possibility of default suggests that Defendants did not act willfully, but rather

7

bespeaks diligence and an intention to continue to defend the action. *See Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[H]ad the Moving Defendants been aware of their obligation to respond [by the deadline], then they would have filed timely answers, and thus did not act willfully in failing to do so."), *aff'd*, 800 F. App'x 18 (2d Cir. 2020). For these reasons, I find that Defendants did not act willfully.

### B. *Prejudice*

Next, I consider the level of prejudice that Plaintiff may suffer if I were to grant the motion to vacate. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the nondefaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023)). "Delay alone does not establish the prejudice required to defeat a motion to vacate a default." *See Adam v. GCT N.Y. LP*, No. 19-CV-5664, 2020 WL 68614, at *2 (S.D.N.Y. Jan. 6, 2020). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Johnson*, 324 F.R.D. at 71).

Here, the only prejudice Plaintiff claims is that further delay will "enable Defendants to "game the legal system" because of the fluctuating value of Bitcoin, and that as the "valuation of Bitcoin decreases, so too will the [Defendants'] interest in litigating this dispute." (Doc. 88 at 10; Doc. 91 at 4.) This conclusory argument is without merit. Plaintiff asserts in her Amended Complaint that she is entitled to receive 30.39129 Bitcoins that Defendants have retained. (Am. Compl. ¶¶ 126, 134.) If Plaintiff ultimately prevails on her claims and is awarded damages, as

8

opposed to specific performance, the methodology and calculation of damages will likely involve an assessment of Bitcoin's value on the date of the breach. *See Commodity Futures Trading Comm'n v. Reynolds*, No. 19-CV-05631 (MKV), 2021 WL 796683, at *4 (S.D.N.Y. Mar. 2, 2021). Moreover, Plaintiff's argument is premised on the speculation that Bitcoin's value will decrease with the passage of time. In any event, it is clearly premature to attempt to determine at this stage of the case how damages will be calculated. Indeed, Plaintiff is not entitled to default judgment simply because Bitcoin is at a "near-peak valuation" today, and she does not suffer any prejudice in my adhering to the Second Circuit's strong preference for resolving disputes on the merits, *see* Enron Oil Corp., 10 F.3d at 95. Thus, this case does not present the requisite level of prejudice to Plaintiff.

### C. *Meritorious Defense*

Lastly, I must consider whether Defendants have proffered "a meritorious defense," which is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. In other words, to make a sufficient showing of a meritorious defense, a defendant "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Trust Co.*, 374 F.3d at 167 (quoting *McNulty*, 137 F.3d at 740) (internal quotation marks omitted).

Here, although I previously denied Defendants' motion to dismiss, because Defendants' Proposed Answer includes twenty-eight affirmative defenses that raise potentially viable grounds for defending against Plaintiff's claims, I find that Defendants have presented a meritorious defense. *See Tolliver v. Skinner*, No. 12-CV-971 (DAB)(KNF), 2015 WL 5660440, at *5 (S.D.N.Y. Sept. 25, 2015) (declining to enter default and deeming the district court's decision to

adopt the magistrate judge's recommendation that the defaulting defendant's motion to dismiss be denied "of no moment" because "a meritorious defense need not be conclusive at this stage" (internal quotation marks and alterations omitted)); *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-CV-3965, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) (recommending that Defendant who filed an answer asserting twenty-five affirmative defenses be considered to have raised a meritorious defense), *report and recommendation adopted*, No. 07-CV-3956, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).

With regard to Plaintiff's argument that Defendants' have failed to raise a meritorious defense to Plaintiff's second claim for relief—that Remy Jacobson promised to pay her 30.39129 Bitcoins that she had been promised by Nimbus Mining—I disagree with Plaintiff's suggestion that the Proposed Answer "barely pays lip service" to this claim. Indeed, the Proposed Answer plainly denies Plaintiff's allegations and asserts two affirmative defenses related to the second claim for relief. (Proposed Answer at 12, 14, 19.) Specifically, Defendants assert that they "cannot be held liable for allegedly breaching the alleged contract because they were not parties to the alleged promise to deliver 30.39129 Bitcoins to Plaintiff and did not direct the promisor to make such promise," (*id*. at 19), and that "breach of contract fails because no enforceable contract exists for lack of consideration," (*id*. at 14). If proven at trial, this would constitute a complete defense to the second claim for relief. Plaintiff's argument to the contrary reflects a fundamental misunderstanding and mischaracterization of the standard governing whether Defendants have raised meritorious defenses at this stage to justify vacating the Certificate of Default. *See Evans v. New York City Health & Hosps. Corp.*, No. 21-CIV-10378 (PAE) (VF), 2023 WL 580527, at *3 (S.D.N.Y. Jan. 27, 2023) (finding that defendants, who previewed an impending motion to dismiss, presented significant evidence of meritorious defenses and thus

denying motion for default judgment); *see also James v. Arango*, No. CV-05-2593 (TCP)(AKT), 2011 WL 1594832, at *9 (E.D.N.Y. Mar. 28, 2011) (finding that defendant had raised a meritorious defense because "[w]hile the Answer contains only general defenses and does not present any underlying facts, that response is sufficient to raise a meritorious defense," but ultimately recommending that Plaintiff's unopposed motion for a default judgment be granted), *report and recommendation adopted*, No. 05-CV-2593, 2011 WL 1627099 (E.D.N.Y. Apr. 27, 2011).  Thus, Defendants have adequately demonstrated that meritorious defenses are available to them.

Accordingly, after balancing the Rule 55(c) factors, I find that Defendants have established good cause to set aside the Certificate of Default.

### IV.    Conclusion

For these reasons, Defendants' motion to vacate the default is GRANTED and Plaintiff's motion for default judgment is DENIED.  The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 80 and 87.

SO ORDERED.

Dated:   June 11, 2024
         New York, New York

                                          _____
                                          VERNON S. BRODERICK
                                          United States District Judge