```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/25
```

# MEMO ENDORSED

> Application GRANTED to the extent that the Court will hold a discovery conference on **March 20, 2025 at 12:00 p.m.** in Courtroom **18D** of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. SO ORDERED.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> March 13, 2025

March 12, 2025

Hon. Barbara C. Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

      Re:    *Tiffany Saidnia v. Nimbus Mining, LLC, et al.*, No. 21 Civ. 7792 (VSB)

Dear Judge Moses:

      My firm represents Plaintiff Tiffany Saidnia in connection with the captioned matter. Together with Justin Kaplan, Esq., counsel to Defendants Remy Jacobson and Jean-Marc Jacobson ("the Jacobsons"), we submit this joint letter motion pursuant to Local Civil Rule 37.2 and Rule 2(b) of Your Honor's Individual Practices to request a discovery conference.

      On or about December 6, 2024, the parties exchanged requests for production and, in early January 2025, exchanged written responses and objections. Based on the Jacobsons' objections to Plaintiff's Requests Nos. 6 through 9, and Plaintiff's objection to the Jacobsons' Request No. 102, both Plaintiff and the Jacobsons, as set forth below, now intend to file competing motions to compel discovery from one another.[1] Pursuant to Individual Rule 2(b), Mr. Kaplan and I can each certify that, following weeks of extensive, substantive email correspondence regarding these matters, we conferred in good faith, by telephone, on February 21 for approximately 10-15 minutes, and have determined that we cannot resolve these disputes without the Court's intervention. This letter has been jointly drafted by the parties and follows from that call.

Background

      As pertains to the contemplated motions, Plaintiff alleges in relevant part that she entered into an agreement in 2014 (the "2014 Contract") with Defendant Nimbus Mining LLC ("Nimbus"), which was controlled by the Jacobsons, to invest $50,000 in Nimbus's cloud-mining operation in exchange for any Bitcoins (BTC) mined in the following year using the computing power funded by her investment. During the term of the 2014 Contract, Nimbus ceased its Bitcoin-mining operation. Subsequently, in 2015, Nimbus and the Jacobsons promised to make Plaintiff whole through the payment of 30.39129 BTC, which was the amount that Nimbus calculated that Plaintiff was owed (the "2015 Contract"). Neither Nimbus nor the Jacobsons ever delivered the 30.39129 BTC to Plaintiff. Consequently, Plaintiff alleges that Nimbus Mining, together with the Jacobsons, breached both the 2014 Contract (Count One) and the 2015 Contract

---

[1] The discovery requests and responses at issue are included as Attachment A hereto.

(Count Two).  Plaintiff also asserts claims for fraud (Count Three) and unjust enrichment (Count Four) and seeks to pierce the corporate veil to hold the Jacobsons individually responsible for Nimbus's conduct (Count Five).  Plaintiff seeks specific performance in the form of the delivery of the promised 30.39129 BTC or the cash equivalent of the same, and other damages.

As their Eight Affirmative Defense, Jacobson's allege that this Court, which sits in diversity, lacks subject matter jurisdiction because: "To the extent that Plaintiff is entitled to recover the value of 30.39129 Bitcoins, their value must be calculated using the value at the time the failure to deliver same in 2015; and given the value of Bitcoin at the time, the extent of Plaintiff's damages is less than $75,000." (ECF No. 93).

Plaintiff's Proposed Motion to Compel

Plaintiff served identical Requests for Production on both Remy and Jean-Marc Jacobson seeking, in sum and substance, records regarding their Bitcoin holdings at the time they operated Nimbus and entered into the 2014 and 2015 Contracts, as well as any records they maintained of Nimbus's own Bitcoin holdings, as well as records of any transactions made between Bitcoin wallets held by the Jacobsons and/or Nimbus and any of Nimbus's customers or investors.  *See* Attachment A (Plaintiff's Requests Nos. 6 through 9).  The Jacobsons served identical Objections to Requests 6 through 9, stating in sum and substance that the requests did not seek documents that had any bearing on Plaintiff's claims.  Plaintiff seeks to compel production of documents responsive to these requests.

Plaintiff maintains that the records are relevant for various reasons, including *inter alia* that they are directly probative as to the issue of the Jacobsons' capacity at various points in time to have specifically fulfilled the terms of the 2014 and 2015 agreements, and thus relevant to the issue of specific performance being the proper measure of damages.  The records sought are further probative as to Plaintiff's causes of action for fraud and unjust enrichment, which among other things assert that the Jacobsons intentionally secreted Bitcoins mined by Nimbus in order to deprive her of her contractual entitlements.  Moreover, the records of the Jacobsons' individual Bitcoin holdings and their transactions with Nimbus's other investors are further directly relevant to Plaintiff's alternative claim that the Jacobsons should be held accountable for Nimbus's contractual obligations on an alter-ego theory, as the individual assumption of corporate debts is a factor that weighs heavily in a typical veil-piercing analysis.  That is, if the Jacobsons satisfied outstanding obligations on Nimbus's behalf to its investors – obligations similar to those incurred by Nimbus and the Jacobsons in the 2015 Contract with Plaintiff – it would be directly probative to Plaintiff's alter-ego allegations against the Jacobsons.

In response, the Jacobsons contend that the records sought are irrelevant. *First,* capacity to perform a contract is immaterial to whether the contract was breached. *Second,* it is Defendant Nimbus with which Plaintiff alleges she entered the 2014 and 2015 Contracts with—not the Jacobsons—so even if capacity to fulfill contractual obligations was relevant, the Jacobsons' capacity is not. *See* Amended Complaint (ECF No. 14) at ¶¶96, 114-118. *Third,* the Jacobsons' Bitcoin holdings lack probative value concerning Plaintiff's right to specific performance of the 2015 Contract that she alleges she entered with Nimbus. *Fourth,* Plaintiff does not allege that the Jacobson "secreted Bitcoins mined by Nimbus in order to deprive her of her contractual entitlements," as Plaintiff argue. Fifth, Plaintiff alleges that "Defendants made specific,

Hon. Barbara C. Moses, U.S.M.J.
Page 3 of 3

knowingly false misrepresentations to [Plaintiff] as part of a scheme to defraud her of the 30.39129 valuable Bitcoins that they otherwise would have been compelled to deliver to her." *See id.* at ¶131. She identifies only two misrepresentations: (i) That "there had been an outage that made it impossible for Defendants to perform their obligations under the 2014 Contract with [Plaintiff]—that is, it made Defendants unable to provide [Plaintiff] with the hashing power that she had contracted for;" and (ii) That "this outage, which at first was said to have lasted only for a short while, had in fact lasted for more than half of Plaintiff's 12-month contract." *Id.* at ¶¶132-33. The alleged misrepresentations concern performance of the 2014 Contract, which is solely between Plaintiff and Nimbus. The Jacobsons' personal crypto-trading records are wholly irrelevant to the foregoing. *Last,* Plaintiff's resort to her alter-ego claim is misplaced.

<u>The Jacobsons' Proposed Motion to Compel</u>

The Jacobsons served joint requests on Plaintiff seeking "documents that evidence every Bitcoin or other cryptocurrency transaction in which You engaged since May 15, 2015." *See* Attachment A (Jacobsons' Request No. 102). Plaintiff served an Objection to Request 102 stating in sum and substance that the request was not calculated to lead to relevant or admissible evidence. The Jacobsons seek to compel production of documents responsive to this request.

The Jacobsons maintain that it is too speculative to presume that Plaintiff would have not sold any of the 30.39129 Bitcoin between the date that Nimbus is alleged to have been required to deliver same and today, and thus that the volume and frequency of Plaintiff's cryptocurrency trading during that time period is probative of her propensity to have sold the Bitcoin rendering the damages she seeks to recover—the price of BTC today—too speculative.

In response, Plaintiff contends *inter alia* that proving damages that are not speculative does not presuppose (or, as a legal matter, require) that she would still have the asset today. Rather, the point of specific performance (or compensatory monetary damages) is to make her whole as though the contract had been performed by Defendants as intended, and her subsequent conduct in the extant counterfactual situation - i.e., where Defendants failed to perform - is neither probative nor relevant. Plaintiff is unaware of any precedent for the proposition that a plaintiff's propensity to hold or dispose of a general class of assets is relevant to a claim for damages for a defendant's failure to deliver a specific asset in that general class.

*    *    *

For the reasons set forth above, Plaintiff and the Jacobsons respectfully request a conference with Your Honor to further discuss their intended respective motions. On behalf of myself and Mr. Kaplan, we appreciate the Court's attention to this request.

Yours, sincerely,

Daniel F. Wachtell

cc:    Counsel of record (via ECF)